UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| JAVIER ALVAREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cv-255-CLC-SKL |
| | ) | |
| COCA-COLA BOTTLING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is a motion to appoint counsel [Doc. 11] filed by Plaintiff Javier Alvarez. Plaintiff requests appointed counsel because he is "unable to afford a lawyer to represent" him in this matter. Plaintiff's Complaint [Doc. 2] seeks monetary damages "according to Title VII of the civil rights act" because he allegedly experienced racial slurs and harassment while employed and was dismissed from his employment with Defendant for reporting this mistreatment.

The right to counsel in civil cases is "highly circumscribed." *Lariscey v. United States*, 861 F.2d 1267, 1270 (Fed. Cir. 1988). There is a strong presumption that there is no constitutional right to counsel unless the litigant may lose his or her freedom if the action is lost. *Id.* (citing *Lassiter v. Department of Social Servs.*, 452 U.S. 18, 26-27 (1981)). Nonetheless, the trial court has discretion in "exceptional circumstances" to appoint counsel under 28 U.S.C. § 1915(e)(1). *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (citing *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)); *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005). Among the factors considered in determining whether "exceptional circumstances" exist are (1) whether the litigant is able to secure counsel on his own, (2) the likely merits of the claim, and (3) and the litigant's ability to investigate and present his case without assistance. *See Brubaker v. Barrett*, No. 3:10-cv-477, 2011 WL

2749611, at *17 (E.D. Tenn. July 15, 2011); *Williams v. Armstrong*, No. 1:06cv168, 2006 WL 2349964, at *1 (W.D. Mich. Jul. 26, 2006). These first two factors, furthermore, will often be related in an important and practical way: a plaintiff with a meritorious claim for money damages should ordinarily be able to retain a lawyer on a contingency basis, while the same may not be true for a defendant or a plaintiff seeking only injunctive or declaratory relief.

Here, Plaintiff has not shown that he needs the assistance of counsel to prove his claims. He states he does not have an attorney because he is unemployed and cannot afford an attorney [Doc. 10], but he has not provided information regarding his attempts to retain attorneys to handle this case on a contingency basis, which should be an available avenue for representation in a meritorious claim despite a lack of income.[1] In other words, Plaintiff would likely be able to hire an attorney on a contingency fee basis if his claims appeared to have merit given that he seeks significant monetary relief. Although Plaintiff may have limited resources, Plaintiff also has not shown an inability to investigate and present his case without assistance. In short, Plaintiff has not demonstrated "exceptional circumstances" exist for appointment of counsel in this case.

Accordingly, because Plaintiff has not shown the existence of exceptional circumstances warranting the appointment of counsel, the motion [Doc. 11] is **DENIED**.

SO ORDERED.

ENTER.

                                                            s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] The "Dismissal and Notice of Rights" attached to Plaintiff's complaint [Doc. 2, Page ID # 14] was copied to an experienced attorney who practices primarily in the field of plaintiff's employment discrimination cases.